IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA DAWN SAMS                                                                    PLAINTIFF

v.                              CIVIL NO. 11-5011

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Angela Dawn Sams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for SSI on November 21, 2007, alleging an inability to work due to congestive heart failure, an enlarged heart, diabetes, and high blood pressure. (Tr. 96, 116). An administrative hearing was held on September 29, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 24-38).

By written decision dated January 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 46). Specifically, the ALJ found Plaintiff had the following severe impairments: congestive heart

failure; hypertension; hyperlipidemia; type II diabetes; obesity; depression; and bipolar mood disorder. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 46). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift/carry 10 pounds occasionally and less than 10 pounds frequently. The claimant is able to sit for 6 hours and stand/walk for 2 hours. Additionally the claimant is able to occasionally climb, balance, crawl, kneel, stoop, and crouch. Furthermore, in consideration of her mental impairments, the claimant is capable of work in which interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote with few variables and where little judgment is required. Finally, the claimant is capable of performing work where the supervision required is simple, direct and concrete.

(Tr. 51). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a trimmer, a sorter, and an inspector. (Tr. 54-55).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 16, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7,8).

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff maintained the RFC to perform sedentary work with limitations. In making this determination, the ALJ relied on RFC assessments dated April 20, 2008, and September 16, 2008, respectively, completed by non-examining medical consultants opining that Plaintiff could perform sedentary exertional work activity. (Tr. 304,

AO72A
(Rev. 8/82)

537). We note that the opinion of a consulting physician who examined the Plaintiff once or not at all does not generally constitute substantial evidence. See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999).

What is particularly troubling to the undersigned is that subsequent to the September 16, 2008 assessment, Plaintiff continued to complain of shortness of breath with mild exertion, dizziness, and chest pain. (Tr. 551, 556, 623, 628 ). The medical evidence revealed that Plaintiff had also been admitted into the hospital due to complications with her congestive heart failure subsequent to September of 2008.  (Tr. 623, 672-724).  Furthermore, the medical evidence revealed that Plaintiff also complained that her arms and hands would go numb, and that she had a burning sensation in her feet in August of 2009.  (Tr. 628).   Because the only assessments in line with the ALJ's RFC finding were those of non-examining medical consultants, completed without the benefit of at least a year of medical evidence showing continued complaints of shortness of breath with exertion and dizziness, the Court does not find substantial evidence to support the ALJ's RFC determination.  Accordingly, the Court finds remand necessary in order for the ALJ to more fully and fairly develop the record.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff, including Dr. Geetha Ramaswarmy and Dr. Johnny Adkins, asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. The ALJ may also order a consultative examination, in which, the consultative examiner should

AO72A
(Rev. 8/82)

be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917.

The Court further notes that the medical evidence is also somewhat ambiguous with regard to Plaintiff's mental limitations and her mental RFC. On remand, the ALJ is directed to address interrogatories to Dr. Edwin C. Jones, Plaintiff's treating psychiatrist, asking Dr. Jones to review Plaintiff's medical records and to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of March 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE